I. INTRODUCTION
This matter is before the court on cross-motions for summary judgment and stipulated facts filed by Plaintiff (department) and Defendant (taxpayer).
 II. FACTS
Taxpayer lives in Portland, Oregon. In 2005, tax-payer individually filed and was approved for property tax deferral pursuant to ORS 311.666 to 311.701.[1] At the time, taxpayer was at least 62 years old. The individual property taxes of taxpayer were deferred for the tax years of 2005-06 and 2006-07.
In November 2006, taxpayer married John L. Keeler. Taxpayer and Keeler continued to live in their respective homes, did not commingle their assets, and continued to maintain separate bank accounts and insurance on their homes and automobiles. Taxpayer was, however, covered by the health insurance Keeler received from his employer, and *Page 562 
taxpayer and Keeler filed a joint federal income tax return for 2006.
On the joint federal income tax return for 2006, tax-payer and Keeler reported Federal Adjusted Gross Income (referred to sometimes hereafter as "FAGI") of $36, 940. The department adjusted that amount to $37,323 as a result of an adjustment in the claimed federal adjustments of taxpayer and Keeler. The FAGI included the wages of Keeler of $38,407, IRA distributions to taxpayer of $390, and Social Security benefits to taxpayer of $7,764.
For the 2007-08 tax year, the department partially denied taxpayer's individual property tax deferral because taxpayer married in 2006 and taxpayer and Keeler's combined FAGI exceeded the statutory limit to maintain the property tax deferral.[2]
For the 2006 tax year, the statutory limit was $36,500. To determine eligibility for deferral under ORS 311.666 to 311.701 for the 2007-08 tax year, the department used the combined 2006 FAGI of taxpayer and Keeler.
The department issued an Excess Income Notice to taxpayer dated July 25, 2007. Taxpayer appealed the action of the department to the Magistrate Division of this court. The Magistrate Division ruled in favor of the taxpayer in May 2008. The department appeals that decision.
 III. ISSUE
The issue is the proper measurement of federal adjusted gross income of taxpayer for purposes of ORS 311.689(1).
 IV. ANALYSIS
This case turns on the construction of ORS 311.689(1). That statute is the basis for the actions of the department in this case. Also of primary importance are the provisions of ORS 311.689(6) that define, by reference, the meaning of "federal adjusted gross income," the statutory term at the heart of this case. *Page 563 
Two analyses are appropriate. First, what is the meaning of ORS 311.689(1), considering only the state law text and context? Second, is there something in the definition of FAGI, incorporated by reference in the statute, that requires a different construction?
1. If one looks only at the Oregon statute, it seems inescapable that in cases where there is a homeowner with a spouse, there is no collective reference or testing, either in ORS 311.689 or in the other statutes that create and define the homestead deferral provisions found in ORS 311.666 to 311.701. Rather, under those statutes, the question is always whether any particular individual has or has not filed a claim for deferral of tax, assuming that person otherwise qualifies for the benefits of the deferral program. See ORS 311.666 to 311.701. Accordingly, a "taxpayer" is defined as "anindividual who has filed a claim for deferral under ORS 311.668 or individuals who have jointly filed a claim for deferral under ORS 311.688." ORS 311.666(4). (Emphasis added.)
2-7. In the case of a married couple, the focus is on the individual member who has claimed deferral and not the married couple. Thus, in ORS 311.684 and ORS 311.688, which together provide that the death of one spouse who has claimed deferral causes deferred taxes to become payable, a surviving spouse who has not claimed deferral may make a claim for deferral within a prescribed time. The election or claim of one spouse is not attributed to the other spouse. See id. The language of ORS 311.688(1) also makes clear that married persons who both file for deferral are considered to have filed a claim "jointly." If both members of a married couple have filed for deferral, the death of one does not trigger loss of deferral under ORS 311.684(1). At the same time, the statutory scheme leaves no doubt that if one member of a married couple claims deferral and the other does not, the couple has in no way elected to defer taxes "jointly" and is not treated as having done so.
8,9. Coming then to ORS 311.689(1), the language of the statute is:
 "Notwithstanding ORS 311.668 or any other provision of ORS 311.666 to 311.701, if the individual or, in the case of two or more individuals electing to defer property taxes *Page 564 
jointly, all of the individuals together, or the spouse who has filed a claim under ORS 311.688, has federal adjusted gross income that exceeds $32,000 for the tax year that began in the previous calendar year, then for the tax year next beginning, the amount of taxes for which deferral is allowed shall be reduced by $0.50 for each dollar of federal adjusted gross income in excess of $32,000."
Given the other provisions of the statutory scheme for deferral of property taxes, ORS 311.689(1) must be read as providing the following rules in the case, such as the one before the court, of members of a married couple:
 (1) In the case both members claim deferral, the income of both persons is considered in applying the disqualification rule (they are "two or more individuals electing to defer property taxes jointly" and the statute looks to the FAGI of "all of the individuals together.")
 (2) In the case only one member of the couple has claimed deferral, only that member's income is considered. In such a case, there is one person electing to defer property taxes and that person is either the "individual electing to defer" or the "spouse who has filed a claim." There is neither a joint election to defer taxes nor more than one "individual" or "spouse" who has filed a claim under ORS 311.668.
If the analysis ended at this point, the taxpayer here would be entitled to prevail. The record shows that only the taxpayer filed a claim for property tax deferral. It would follow that only the taxpayers income should be considered.
10. The department argues, however, that by reason of the operation of federal rules on the determination of FAGI, the income and deductions of the married couple are, and must be, aggregated in computing the test income number under ORS 311.689(1). The department argues this is true even though the statute incorporating FAGI states:
 "As used in this section, `federal adjusted gross income' means federal adjusted gross income of the individual or, in the case of two or more individuals electing to defer property tax jointly, the combined federal adjusted gross income of the individuals, or the federal adjusted gross income of spouse who has filed a claim under ORS 311.688 * * *." *Page 565 
ORS 311.689(6). A review of this statutory language shows that the department's construction cannot be supported by the words of the Oregon statute itself. This is so because the statute calls out three separate possible FAGI numbers:
 (1) FAGI "of the individual";
 (2) FAGI "of individuals" where two or more elect deferral; or
 (3) FAGI "of the spouse who has filed a claim."
See ORS 311.689(6). The only FAGI that could apply on the facts of this case is the first. Here, there was neither a situation where two individuals elected deferral or a spouse-elected deferral. Only an individual — the taxpayer — elected deferral.
The department is left for support, then, only with its argument based on the definition of FAGI under federal law in a case, such as is present in this matter, where a married couple elects to file a joint federal income tax return. The premise of the department's argument is that when a married couple files a joint return for federal income tax purposes, there is, under federal law, only one adjusted gross income and it is the aggregate amount for the couple. The department also asserts that aggregate then is also the FAGI for the individual who has elected property tax deferral, not by direct operation of Oregon law, but rather by reason of the workings of federal law and filing elections incorporated into the homestead deferral program.
11-13. In this context, it is obviously necessary to carefully review the premise of the department's argument: that under the federal law incorporated by reference, there is only one FAGI in the case of a married couple filing a joint return. FAGI is defined in section 62 of the Internal Revenue Code (the Code).[3]
That section provides: "the term `adjusted gross income' means,in the case of an individual, gross income minus the following deductions * * *." IRC § 62(a) (emphasis added). It is of great significance that FAGI is defined by reference to an individual and nowhere defined by reference to a married couple. See id. That is, of course, as would be expected because members of a married couple may elect to *Page 566 
file separately or jointly, and separate income numbers must be available in the event separate filing is done. See IRC § 6013. Further, all of the items that go into the calculation of FAGI can be computed separately as well as collectively for a married couple.[4] There simply is nothing in IRC section 62 that requires or even contemplates that FAGI is a collective amount in the case of a married couple filing a joint return.
Further, there is at least one provision in IRC section 62 that demonstrates that this federal statute actually contemplates, in some cases, separate calculations of FAGI for each member of a married couple filing a joint return. IRC section 62(b) details a deduction for qualified performing artists. For the deduction to be available, however, the adjusted gross income of an individual artist cannot exceed $16,000. IRC section 62(b)(3)(B) provides a set of rules for married couples filing a jointreturn under IRC section 6013. It states, with respect to the couple, that the $16,000 limitation for adjusted gross income "shall be applied with respect to their combinedadjusted gross income." Id. (emphasis added); seealso IRC § 62(b)(1)C). If the department's construction of FAGI was correct, this language requiring combination of the FAGI of the members of the couple would not be necessary — there would be only one FAGI and it would, without any statutory direction to combine, be the combined FAGI of the members of the couple.[5]
14. A review of IRC section 62 thus provides no support for the department's argument and, in fact, shows that the argument does not fit the provisions of federal law. The language of IRC section 62(b)(3)(B) also shows that the department's argument with respect to the effect of the provisions of IRC section 6013
is suspect. It is to that argument that the court now turns. *Page 567 
IRC section 6013 contains no language supporting the department's argument. The only relevant provision, found in IRC6013(d)(3) states: "if a joint return is made, the tax shallbe computed on the aggregate income and the liability with respect to the tax shall be joint and several." (Emphasis added.) This statutory provision does not dictate that a married couple filing a joint return has one FAGI. Seeid. Quite to the contrary, the statute contemplates two incomes, that are to be aggregated for the purpose of computing one tax liability. Id. There is a. joint
return and a. joint liability but, logically and grammatically, separate incomes that are aggregated. Seeid.
The department relies on a Treasury Regulation that states:
 "If a joint return is made, the gross income and adjusted gross income of husband and wife on the joint return are computed in an aggregate amount and the deductions allowed and the taxable income are likewise computed on an aggregate basis. * * * Although there are two taxpayers on a joint return, there is only one taxable income. The tax on the joint return shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."
Treas Reg § 1.6013-4(b) (2004).
Several observations are relevant as to this regulation. First, it is obviously a regulation providing an interpretation of IRC section 6013(d)(3), quoted above. See Treas Reg § 1.6013-4(b). Second, it does not purport to depart from the statute or suggest that a husband and wife have a collective FAGI. See id. Rather, it only states that for purposes of computation on the return, as to adjusted gross income, two items are aggregated. Id. That statement, in fact, confirms that there are two distinct and separate adjusted gross income amounts to be aggregated. See id.
15, 16. Finally, notwithstanding the department's attempt to make it say otherwise, the regulation in fact only states that there is one taxable income — not oneadjusted gross income.[6] The statement as to one taxable income is consistent *Page 568 
with the fact that where a joint return is elected, while there can be separate calculations of FAGI amounts to be aggregated, the amount of "taxable income" — a separately defined amount determined under section 63 of the Code, must be determined in a unitary fashion. See also IRC § 62. This is because section 63 of the Code provides that "taxable income" is determined either by subtracting the so-called itemized deductions or the standard deduction. At this point in the calculation, separate calculations for each spouse, followed by aggregation, are impossible on a joint return. This is because in getting to taxable income, the couple must make one decision and only one: do we take itemized deductions or the standard deduction? See id. It must be one or the other.
17. The fact that two adjusted gross income numbers are combined for calculation of liability is not inconsistent with the existence of separate adjusted gross income numbers. This is shown in instances where the joint return must be "deconstructed." Although no longer part of the Code, during many of the years that the property tax deferral system present here has existed, IRC section 6013(e) provided relief to a so-called "innocent spouse." In all cases, the context for such relief was that an innocent spouse had joined in the filing of a joint return for an earlier year and was faced with joint and several liability for an error attributable to the other spouse.See IRC § 6013(e)(1) (1998). In calculating the amount of available relief, in some cases former IRC section 6013(e)(4) required a calculation of the adjusted gross income of the innocent spouse for the year prior to the federal deficiency notice. Logically, during that year, which would have been a year after the year in which the liability arose, the innocent could have been married to a different spouse. IRC6013(e)(4)(D) provided that there would be a separate calculation of the adjusted gross income of the "innocent," and in determining the adjusted gross income, the income of the "new spouse" would be included, whether or not they filed a jointreturn. This language would not have been needed if the filing of a joint return caused the adjusted gross income numbers for the "innocent" spouse and the "new spouse" to be automatically combined by reason of a joint return filing. The statute would only have been needed in cases where the spousesdid not file a joint return. *Page 569 
18. In IRC section 6013, just as in IRC section 62 discussed above, there is clear recognition of the possible need, and the ability to determine, a separate adjusted gross income for a married person who has filed a joint return. There is also clear recognition that, although there may be only one "taxable income" and one tax liability, separate adjusted gross income calculations are possible for the joint return year. Seeid.
Nor should this fact be a surprise to the department. In fact, the department permits or requires just such separate calculations of adjusted gross income in certain instances where married couples file or have filed joint federal income tax returns. ORS 314.415(7) provides that in one case where a refund is due to taxpayers:
 "If a joint return is filed, the department may make separate refunds at the request of either spouse. The separate refunds shall bear the same proportion to the total refund as the adjusted gross income of each spouse bears to the adjusted gross income of both spouses * * *."[7]
19-22. Separate income calculations in Oregon are also done for couples who file a joint federal income tax return in cases where the residency of the spouses differs.[8] ORS 316.122 provides a menu of calculation rules where the residency status of spouses differs. In each case, unless the couple elects to file a joint return in Oregon, the "taxable income" of each spouse is separately determined, which necessarily means that the FAGI of each spouse is determined separately.[9] It is also important to note that ORS 316.122 does not state or imply that if the couple elects to file a joint Oregon *Page 570 
return, they somehow have only one FAGI. Rather, as in the federal system, what is affected is the calculation of the tax, not a change in the amount of adjusted gross income. Seeid.
The inescapable conclusion is that the department's actions in this matter were not consistent with ORS 311.689.
V. CONCLUSION
For the reasons stated above, the department's motion is denied and the cross-motion of taxpayer is granted.[10] Now, therefore,
IT IS ORDERED that Plaintiffs Motion for Summary Judgment is denied and Defendant's Cross-Motion for Summary Judgment is granted.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[2] ORS 311.689(1), (4), and (6) discussed further in the analysis, sets the parameters of the income limit on property tax deferral.
[3] Unless otherwise noted, all references to the Code are to 2006.
[4] Thus, for example, deductions for capital losses have limitations stated, in IRC section 1211(b) both in terms of separate and joint returns. Also, IRC section 1211 is worded such that it can apply to separate or joint returns of married individuals.
[5] IRC section 62(b)(3)(B) also demonstrates how the Oregon legislature could have, but did not, draft ORS 311.689(6). The Oregon legislature could have directed that "in the case of a married couple filing a joint federal income tax return, the dollar limitation of this section shall be applied with respect to their combined federal adjusted gross income."
[6] This is no minor matter of adjectives. The concepts of adjusted gross and taxable income are contained in separate statutes. See IRC § 62 and IRC § 63.
[7] There can be no doubt that the term "adjusted gross income" as used in ORS 314.415(7) is FAGI. ORS 314.011(2)(a) dictates this and ORS 316.013 confirms the same point.
[8]
For example, ORS 316.122(1) provides:
 "If the federal taxable income of husband and wife (one being a part-year resident and the other a nonresident) is determined on a joint federal return, their taxable income in this state shall be separately determined, unless they elect to file a joint return, in which case their tax on their joint income shall be determined in this state pursuant to ORS 316.037(3)."
[9] This is necessarily so because "taxable income" is defined in ORS 316.022(6) as being IRS section 63 taxable income with certain adjustments. IRS section 63 taxable income can only be determined after calculation of IRC section 62 adjusted gross income of an individual.
[10] The department places some reliance on its interpretive rule found in OAR 150-311.689(1) (2002). To the extent that rule is inconsistent with this opinion it is invalid as being inconsistent with ORS 311.689. *Page 571